UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ECF CASE

---------------------------------------------------------------X Case No. 12-cv-04281-DRH-GRB

ERROL WRIGHT, on behalf of himself individually
and all others similarly situated

                                                 Plaintiff,

FIRST AMENDED
**CLASS ACTION
COMPLAINT**

          -against-

PHILLIPS & COHEN ASSOCIATES, LTD.

                                                 Defendant.
---------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, § 1692a(3).

3. That upon information and belief, defendant is a foreign business corporation incorporated in New Jersey.

4. That defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6).

5. That defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due to others.

6. That defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

7. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

8. That plaintiff re-alleges paragraphs 1-7 as if fully re-stated herein.

9. That plaintiff is alleged to owe a debt incurred for personal purposes to Fingerhut Direct Marketing.

10. That at some subsequent point in time the debt is alleged to have gone into default.

11. That, after the date of the default, by letter dated July 6, 2012, defendant wrote to plaintiff in an attempt to collect the debt.

12. That said letter states, in pertinent part:

```
"Client:              PORTFOLIO ASSET GROUP
Original Creditor:    FINGERHUT DIRECT MRKTING
Orig. Acct#:          ************6123"
```

13. That said letter goes on to state:

"Dear ERROL WRIGHT:

Your account has been referred to our office for collection on behalf of our above referenced client. To resolve this matter and prevent any further collection activity, full payment should be sent to this office at the address above.

IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT! YOU MAY CONTACT OUR OFFICE AT THE ABOVE TELEPHONE NUMBER."

14. That a copy of said July 6, 2012 letter is attached as Exhibit 1.

15. That defendant addressed Exhibit 1 to

" ERROL WRIGHT
C/O FAGENSON & PUGLISI"

at the address of Fagenson & Puglisi, the undersigned attorneys for plaintiff.

16. That the suite number of the address on Exhibit 1 is incorrect but Exhibit 1 was nevertheless delivered to the office of Fagenson & Puglisi.

17. That Exhibit 1 was intended to be delivered to plaintiff-debtor and to be read by plaintiff-debtor, not only from a look at its addressing and salutation, but also from a look at the contents of its body.

18. That upon receipt of Exhibit 1, Fagenson & Puglisi forwarded it to plaintiff.

19. That plaintiff read Exhibit 1.

20. That Exhibit 1 was defendant's initial written communication with plaintiff.

21. That plaintiff did not receive another letter from defendant within five days after Fagenson & Puglisi's receipt of Exhibit 1.

22. That by letter dated August 22, 2012, defendant again wrote to plaintiff.

23. That, like Exhibit 1, said letter is addressed to plaintiff in its address block, in its salutation and in its body.

24. That, like Exhibit 1, said letter contains the address of Fagenson & Puglisi and was sent to Fagenson & Puglisi's address.

25. That, upon Fagenson & Puglisi's receipt of the August 22, 2012 letter, Fagenson & Puglisi forwarded same to plaintiff.

26. That plaintiff read said August 22, 2012 letter.

27. That said August 22, 2012 letter states in part:

"Client Acct #: **********6123."

28. That said August 22, 2012 letter is attached as Exhibit 2.

## AS AND FOR A FIRST CAUSE OF ACTION

29. That plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30. That the FDCPA, §1692g(a)(2) requires that defendant discloses, as a part of the validation notice, the name of the creditor to whom the debt is owed.

31. That defendant has failed to disclose in Exhibit 1 the name of the creditor to whom the debt is owed.

32. That defendant refers in Exhibit 1 to its "Client: PORTFOLIO ASSET GROUP" and states that the original creditor is Fingerhut Direct Marketing.

33. That defendant further mentions that plaintiff's account has been referred to defendant by the above referenced client, which is a reference to Portfolio Asset Group.

34. That, however, plaintiff has never conducted any business with any entity by the name of Portfolio Asset Group and never held any account with any Portfolio Asset Group.

35. That plaintiff did have an account with Fingerhut at some point in time but, on information and belief, said account was transferred by Fingerhut.

36. That plaintiff is not certain of this transfer and definitely does not know the identity of the transferee of the account.

37. That defendant has identified who its client is and has identified who the original creditor of the debt is.

38. That, however, nowhere in Exhibit 1 does defendant state who the current creditor is to whom the debt is owed.

39. That further compounding the deception of plaintiff and the least sophisticated consumer is the fact that in its August 22, 2012 letter defendant has again stated that its client is Portfolio Asset Group and the *client* account number ends in 6123 while in Exhibit 1 defendant states that the *original* account number ends in 6123.

40. That this leads plaintiff and the least sophisticated consumer to believe that the original creditor and defendant's client is one and the same.

41. That such a belief would likely be erroneous.

42. That neither plaintiff nor the least sophisticated consumer would know from reading defendant's letters the identity of the creditor to whom the debt is currently owed.

43. That Exhibit 1 is therefore in violation of the FDCPA, §1692g(a)(2).

44. That defendant's failure to disclose the creditor to whom the debt is owed constitutes a misleading representation or deceptive means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§1692e and 1692e(10).

## CLASS ALLEGATIONS

45. That plaintiff re-alleges paragraphs 1-44 as if fully re-stated herein.

46. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as Exhibits 1; (b) the collection letter was a validation notice sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692g(a)(2), 1692e and 1692e(10). The class does not include defendant or persons who are officers, directors, employees or associates of defendant.

47. That the class shall be defined as follows:

*All natural persons residing in the United States to whom defendant sent a validation notice concerning a consumer debt on behalf of Portfolio Asset Group, which validation notice fails to identify the creditor to whom the debt is owed.*

48. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by failing to include the identity of the creditor to whom the debt is owed in its validation notice, in violation of the FDCPA, §§1692g(a)(2), 1692e and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

49. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

52. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k; and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
December 4, 2012.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

Case 2:12-cv-04281-DRH-GRB   Document 8   Filed 12/05/12   Page 10 of 13 PageID #: 68

**Phillips & Cohen Associates, Ltd.**
Ph 866-321-2195 • Fx 302-368-0970
Office Hours: M-Th: 8am-9pm, Fri: 8am-6pm
Sat: 8am-12pm

PO Box 5790
Hauppauge, NY 11788-0164
RETURN SERVICE REQUESTED

July 6, 2012

Phillips & Cohen Associates, Ltd.
Mail Stop: 585
1002 Justison Street
Wilmington, DE 19801-5148

18711541-558          823602409

ERROL WRIGHT
C/O FAGENSON & PUGLISI
450 7th Ave Ste 207
New York NY 10123-0207

Reference #: ●●●1541
Balance: $●●●

| | CHECK CARD USING FOR PAYMENT |
|---|---|
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE |
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

Re:   Client:              **PORTFOLIO ASSET GROUP**
       Original Creditor:   **FINGERHUT DIRECT MRKTING**
       Orig. Acct#:         ***********6123
       Reference#:          ●●●1541
       Balance:             $●●●

Dear ERROL WRIGHT:

Your account has been referred to our office for collection on behalf of our above referenced client. To resolve this matter and prevent any further collection activity, full payment should be sent to this office at the address above.

IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT! YOU MAY CONTACT OUR OFFICE AT THE ABOVE TELEPHONE NUMBER.

Sincerely,

Phillips & Cohen Associates, Ltd.

Payment by credit card transaction fees: MasterCard, Visa and Discover $5 per $150.

** IMPORTANT CONSUMER INFORMATION **

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License number 1066574.

# EXHIBIT 2

**Phillips & Cohen Associates, Ltd.**
Ph 866-321-2195 • Fx 302-368-0970
Office Hours: M-Th: 8am-9pm, Fri: 8am-6pm
Sat: 8am-12pm

PO Box 5790
Hauppauge, NY 11788-0164
RETURN SERVICE REQUESTED

August 22, 2012

18711541-592        857224916

ERROL WRIGHT
C/O FAGENSON & PUGLISI
450 7th Ave Ste 207
New York NY 10123-0207

Phillips & Cohen Associates, Ltd.
Mail Stop: 585
1002 Justison Street
Wilmington, DE 19801-5148

☐ [VISA]  ☐ [MasterCard]  ☐ [Discover]  CHECK CARD USING FOR PAYMENT

| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE |
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |

Reference #: 18711541
Balance: $ ▓▓▓▓

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

Re:   Client:          **PORTFOLIO ASSET GROUP**
      Client Acct #:   ************6123
      Reference #:     18711541
      Balance:         $934.27

Dear ERROL WRIGHT:

We had hoped that you would resolve your financial obligation with PORTFOLIO ASSET GROUP prior to initiating further collection activity to recover the amount owed to them. Apparently that is not the case.

In an effort to reach a mutually acceptable remedy to this matter, our client has agreed to offer you the opportunity to settle this indebtedness for 60% of the amount owed or $▓▓▓▓. If this matter remains unresolved, we will have no other alternative but to evaluate your credit history and present financial circumstances, then proceed accordingly.

You now have an extremely important decision to make. The wrong choice could ultimately be more costly to you in the future, as this offer to settle at a reduced rate may not be available.

If you are unable to pay in full or settle at the reduced rate, contact our office today. You may qualify for our hardship program. However, please be advised that your failure to respond will leave us with no option but to use the resources of this agency to explore all means of recovering the total amount due to our client.

Time is of the essence. We genuinely hope that you resolve this obligation without the need for further collection activity. Should you have any questions regarding this matter please call at the above referenced number.

Sincerely,

Phillips & Cohen Associates, Ltd.

Payment by credit card transaction fees: MasterCard, Visa and Discover $5 per $150.

** IMPORTANT CONSUMER INFORMATION **

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License number 1056574.