# FAGENSON & PUGLISI
## ATTORNEYS AT LAW
450 SEVENTH AVENUE
SUITE 704
NEW YORK, NEW YORK 10123

LAWRENCE M. FAGENSON
CONCETTA PUGLISI
NOVLETTE R. KIDD

LINDA V. RAMPERTAB

TELEPHONE: (212) 268-2128
FAX: (212) 268-2127

May 21, 2014

HON. DENIS R. HURLEY, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Errol Wright v. Phillips & Cohen Associates, Ltd., Case No. 12-cv-04281-DRH**

Dear Judge Hurley,

This office represents plaintiff in the captioned matter. Plaintiff writes in response to defendant's letter of recent decision dated May 7, 2014. (Dkt. #21). Defendant persists in its attempts to persuade the Court to reject relevant authority within the Eastern District of New York in favor of out-of-circuit mostly irrelevant district court decisions. Plaintiff therefore respectfully urges the Court not to rely on the decision in *Keasey v. Judgment Enforcement Law Firm, PLLC.*, 2014 WL 1744268 (W.D. Mich. Apr. 30, 2014).

The collection letter language that the *Keasey* Court had to consider is different from the language which is before this Court for consideration. The language in *Keasey* stated:

> "Please be advised that this office has been retained by our client, MERCHANTS CREDIT RECOURSE, INC, to collect a debt in connection with your default on your above referenced CashCall, Inc. account 1207141."

This is unlike the language in defendant's letter, which stated on the reference line: "Re: Client: PORTFOLIO ASSET GROUP" and "Original Creditor: FINGERHUT DIRECT MRKTING", then stated in the body of the letter only: "Your account has been referred to our office for collection on behalf of our above referenced client." As the language in the letters are so markedly different, defendant's attempt in its Recent Authority letter to draw parity between the two wordings should be unavailing.

To the extent that the language in the *Keasey* letter cannot be distinguished from the language in defendant's letter, plaintiff respectfully submits that *Keasey* ought not be adopted by this Court, since it is at odds with Second Circuit holdings that the contents of the validation notice required by § 1692g must be "clearly and effectively" conveyed to the least sophisticated consumer. See e.g. *Savino v. Computer Credit, Inc.* 164 F. 3d 81, 85 (2d Cir. 1998) Opp. at 11, 23 (Dkt. #13). Further, *Keasey* is at odds with the persuasive within-District precedents of *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005), *Dewees v. Legal Servicing,*

Hon. Denis R. Hurley, U.S.D.J.
May 21, 2014
Page 2 of 2

*LLC.*, 506 F. Supp. 2d 128, 132-33 (E.D.N.Y. 2007) and *Lee v. Forster & Garbus, LLP.*, 926 F. Supp. 2d 482, 486-88 (E.D.N.Y. 2013). In all these cases the Courts held that it is not sufficient that the name of the creditor be mentioned or contained in the collection letter but it must be identified as the creditor (e.g., denying a motion to dismiss in *Lee* because "[t]here is nothing identifying the relationship of either NCOP or Capital One to the debt and the Collection Letter does not explain why these entities appear in the letter… Identifying the debt owed is different from identifying the current owner of the debt, especially when, like here, the original creditor sold the debt to a third party."). See further, plaintiff's Recent Decision letter dated March 6, 2013. (Dkt. #17).

*Keasey* distinguished *Lee*. *Keasey* also distinguished a decision in the Eastern District of Michigan which relied on *Lee* and *Sparkman* in holding that the plaintiff there had stated a claim for violation of § 1692g(a)(2): *Zapp v. Trott & Trott, P.C.*, 2013 WL 6631670 at * 2-3 (Dec. 17, 2013). *Zapp* held that *Olson v. Wilford, Geske & Cook*, 2013 WL 489040 (D. Minn. Feb. 8, 2013) – which defendant asked this Court to follow in its letter of Recent Decision dated March 7, 2013 (Dkt. #18) – was wrongly decided ("[t]he *Olson* court's interpretation – that a collection letter must simply contain the name of the creditor – is contrary to the least sophisticated consumer standard and to other cases requiring that the information be clearly and effectively conveyed"). *Id.* at 3. Plaintiff respectfully asks the Court to reject not only *Olson* but *Keasey* also. The decision in *Zapp* is attached for ease of reference.

Concerning defendant's argument in its motion to dismiss that, since its letter was sent to plaintiff at his attorneys' address, if the FDCPA is implicated at all, the Court should apply the competent attorney standard, the Court in *Janetos v. Fulton Friedman & Gullace, LLP.*, 2013 WL 791325 (N.D. Ill. Mar. 4, 2013) declined to grant a motion for judgment on the pleading of § 1692g(a)(2) claims, where the collection letters were sent to the consumer's attorney. The Court ruled that even a competent lawyer would still not necessarily know whether the debts had been sold and to whom. The decision in *Janetos* is also attached for ease of reference. In *Janetos*, the lawyer had defended the consumers against the debt buyer-current creditor in state court proceedings and so had had previous extensive contact with the current creditor. In the case at bar plaintiffs' attorneys had had no prior contact with the alleged debt buyer-current creditor, as pointed out in plaintiff's opposition. Opp. at 14-15.

Respectfully Submitted,
FAGENSON & PUGLISI

/s/ *Novlette R. Kidd*
NOVLETTE R. KIDD

Michael D. Slodov, Esq., for defendant by ECF.

Attachments.

RELATED TOPICS

Antitrust and Trade Regulation

Statutory Unfair Trade Practices and Consumer Protection

   Letter As Satisfying Validation Notice Requirements of Fair Debt Collection Practices

**Zapp v. Trott & Trott, P.C.**
United States District Court, E.D. Michigan, Southern Division. | December 17, 2013 | Slip Copy | 2013 WL 6631670 *(Approx. 3 pages)*

Only the Westlaw citation is currently available.

United States District Court,

E.D. Michigan,

Southern Division.

Jennifer L. ZAPP, Plaintiff,

v.

TROTT & TROTT, P.C., Defendant.

No. 13–12998. | Dec. 17, 2013.

**Attorneys and Law Firms**

Brian P. Parker, Brian P. Parker Assoc., Bingham Farms, MI, for Plaintiff.

Bruce L. Segal, Joseph Aviv, Honigman, Miller, Bloomfield Hills, MI, for Defendant.

**Opinion**

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS*

JOHN CORBETT O'MEARA, District Judge.

*1 Before the court is Defendant's motion to dismiss, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

This cases arises under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff, Jennifer Zapp, obtained a home loan in 2010 from CitiMortgage, Inc. In February 2013, Plaintiff received a letter from Trott & Trott, P.C., regarding her failure to pay her home loan. Trott & Trott acts as a debt collector for certain creditors, including CitiMortgage. The notice Trott & Trott sent to Plaintiff provides as follows:

> This office represents CitiMortgage, Inc., which is the creditor to which your mortgage debt is owed *or* the loan servicer for the creditor to which the mortgage debt is owed.
>
> * * *
>
> Unless you notify this office within thirty (30) days *of* receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or a copy of the judgment, if applicable, and mail a copy of such verification or judgment to you. If you request, in writing, within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. at Ex. 1 (emphasis added).

Plaintiff contends that the letter violates the FDCPA in two ways: first, Plaintiff alleges that the letter fails to identify her creditor; and second, Plaintiff alleges that the phrase "within thirty days *of* receiving this notice" instead of "within thirty days *after* receiving this notice" reduces the number of days she has to dispute and validate the debt. Compl. at ¶ 22. Defendant seeks dismissal of Plaintiff's claim pursuant to Fed.R.Civ.P. 12(b)(6).

**LAW AND ANALYSIS**

**I. *Standard of Review***

Under Fed.R.Civ.P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, to survive a motion to dismiss, the plaintiff must

allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. *See also Hensley Manuf. v. Propride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009).

**II.** *Fair Debt Collection Practices Act Claim*

\*2 The FDCPA prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also requires that a debt collector provide certain information to the debtor, including "(2) the name of the creditor to whom the debt is owed; [and] (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g (a)(2), (3).

"Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." *Wallace v. Washington Mut. Bank, F.A.,* 683 F.3d 323, 326 (6th Cir.2012). This standard "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd" and "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Barany–Snyder v. Weiner,* 539 F.3d 327, 332–33 (6th Cir.2008) (citation omitted).

Defendant's letter to Plaintiff identifies CitiMortgage as "the creditor to which your mortgage debt is owed *or* the loan servicer for the creditor to which the mortgage debt is owed." Plaintiff has a plausible claim that the least sophisticated consumer would be confused regarding the identity of her creditor. Based upon the language of the letter, CitiMortgage could be the loan servicer and not the creditor, potentially leaving the creditor unidentified. Although Defendant argues that CitiMortgage is *both* the creditor and the loan servicer (and that a loan servicer is considered a creditor) this does not necessarily render the letter clear to the "least sophisticated consumer." *See Eun Joo Lee v. Forster & Garbus, LLP,* 926 F.Supp.2d 482, 487 (E.D.N.Y.2013) (plaintiff stated a claim under FDCPA where correct creditor was "mentioned" but "the letter does not clearly and effectively convey its role in connection with the debt"); *Sparkman v. Zwicker & Assocs.,* 374 F.Supp.2d 293, 301 (E.D.N.Y.2005) ("The least sophisticated consumer would not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus.").

Defendant cites *Olson v. Wilford, Geske & Cook,* 2013 WL 489040 (D.Minn. Feb.8, 2013) for the proposition that the same language at issue here—"the creditor to which your mortgage debt is owed *or* the loan servicer for the creditor to which the mortgage debt is owed"—is not violative of the FDCPA. In *Olson,* the court "acknowledge[d] that the Letter is indeed poorly drafted" but found that the FDCPA was not violated because "the Letter does in fact 'contain' the name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a). *Id.* at \*4.

\*3 The *Olson* court's interpretation—that a collection letter must simply "contain" the name of the creditor—is contrary to the "least sophisticated consumer" standard and to other cases requiring that the information be clearly and effectively conveyed. *See Lee,* 926 F.Supp.2d at 487; *Sparkman,* 374 F.Supp.2d at 301; *McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 758 (7th Cir.2006) ("If the required information is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer, § 1692g has been violated."). The court finds that Plaintiff has stated a claim for a violation of 15 U.S.C. § 1692g.

Plaintiff also claims that the following language violates the FDCPA: "Unless you notify this office within thirty (30) days *of* receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid." According to Plaintiff it should read "within thirty days *after* receiving this notice." *See* 15 U.S.C. 1692g(a) (3). The court fails to see how the least sophisticated consumer would discern a difference between "of" and "after" in this context. Indeed, "[n]either grammar nor common sense provides anyone besides an FDCPA lawyer any reason to assume a material difference between 'after' and 'of.' " *Wallace v. Diversified Consultants, Inc.,* 2013 WL 4670561 at \*2 (E.D.Mich. Aug.30, 2013) (granting motion for judgment on the pleadings). The FDCPA does not create liability for "bizarre or idiosyncratic interpretations" of collection letters such as that proffered by Plaintiff. With respect to this claim, the court will grant Defendant's motion to dismiss.

**ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

---

**End of Document**                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Preferences | My Contacts | Offers | Getting Started | Help | Live Chat | Sign Off

WestlawNext. © 2014 Thomson Reuters | Privacy Statement | Accessibility | Contact Us | 1-800-REF-ATTY (1-800-733-2889) | Improve WestlawNext

THOMSON REUTERS

WestlawNext

RELATED TOPICS

Antitrust and Trade Regulation

Statutory Unfair Trade Practices and
Consumer Protection

Letter As Satisfying Validation Notice
Requirements of Fair Debt Collection
Practices

**Janetos v. Fulton Friedman & Gullace, LLP**
United States District Court, N.D. Illinois, Eastern Division. March 4, 2013 Not Reported in F.Supp.2d *(Approx. 9 pages)*
2013 WL 791325
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois,
Eastern Division.

Mary T. JANETOS and Erik King, on behalf of plaintiffs and a class,
Plaintiffs,
v.
FULTON FRIEDMAN & GULLACE, LLP, and Asset Acceptance, LLC,
Defendants.

No. 12 C 1473.  March 4, 2013.

**Attorneys and Law Firms**

Daniel A. Edelman, Cathleen M. Combs, Francis Richard Greene, James O. Latturner, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiffs.

Bradley M. Sayad, Fulton, Friedman & Gullace, LLP, Joliet, IL, Theodore Wilson Seitz, Dykema Gossett, PLLC, Lansing, MI, Robert M. Horwitz, Dykema Gossett PLLC, Detroit, MI, Jack T. Riley, Alexandria Lyubov Bell, Johnson & Bell Ltd, Amy R. Jonker, Dawn N. Williams, Zafreen Jamaluddin Husain, Dykema Gossett PLLC, Chicago, IL, for Defendants.

**Opinion**

**MEMORANDUM OPINION AND ORDER**

THOMAS M. DURKIN, District Judge.

*1 Plaintiffs Mary Janetos and Erik King filed this purported class action against Fulton Friedman & Gullace, LLP ("FF & G") and Asset Acceptance, LLC ("Asset Acceptance") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"). Plaintiff Pamela Fujioka filed an individual FDCPA claim against FF & G and Asset Acceptance (Case No. 12 CV 2128); on July 19, 2012, Judge Lee consolidated her claim into this action. R. 53. Proposed Plaintiff Ignacio Bernave seeks to join this action to assert an individual FDCPA claim as well. In short, Plaintiffs all allege that FF & G, in an attempt to collect purported debts on behalf of Asset Acceptance, sent them or their counsel a form letter on December 12, 2011 that failed to clearly identify which entity actually owns the debt, FF & G or Asset Acceptance. Presently before the Court is Defendants' Joint Motion for Judgment on the Pleadings, R. 54, and Plaintiffs' Motion for Leave to File Second Amended and Consolidated Complaint. R. 59. For the reasons explained below, Defendants' Joint Motion for Judgment on the Pleadings is denied and Plaintiffs' Motion for Leave is granted.

**Legal Standard**

Rule 12(c) allows for judgment on the pleadings. In reviewing a Rule 12(c) motion, courts employ the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir.2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir.2011). Courts also "consider documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir.2010).

A plaintiff may seek leave to amend its complaint under Rule 15(a)(2). Although a court "should freely give leave to amend when justice so requires," Fed.R.Civ.P. 15(a)(2), a court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir.2001). A new claim is futile if it could not survive a motion to dismiss. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n. 5 (7th Cir.2010).

*2 Thus, for both the Rule 12(c) and Rule 15(a) motions pending before the Court, the issue is whether Plaintiffs—in their Amended Complaint, R. 13, and proposed Second Amended and Consolidated Complaint, R. 59–1—fail to state a plausible claim for relief under the FDCPA. The following background is a summary of the relevant allegations, viewed in the light most favorable to Plaintiffs.

### Background

Asset Acceptance is a debt collection agency. FF & G is a law firm that manages Asset Acceptance's collection litigation. Asset Acceptance purchases debts from original creditors, including banks, credit card companies, and retail stores. In some cases, after attempting to collect a debt itself, Asset Acceptance refers the matter to FF & G for additional collection efforts. In those cases, Asset Acceptance retains ownership of the debt and FF & G acts as its agent.[1]

**Mary Janetos**

In May 2009, Asset Acceptance sued Janetos in state court to collect an alleged $3,327 credit card debt. Asset Acceptance was represented by an in-house attorney, not FF & G. Janetos was represented by her current counsel, Daniel Edelman of Edelman, Combs, Latturner & Goodwin, LLC. In July 2009, after trial, the state court entered judgment in Janetos' favor.

Although Asset Acceptance lost at trial, Asset Acceptance apparently referred the matter to FF & G for additional collection efforts. On December 12, 2011, FF & G sent a letter to Janetos' counsel, Daniel Edelman, attempting to collect the extinguished debt. R. 13, Am. Compl., Ex. C.[2] The FF & G letterhead states, "Fulton Friedman & Gullace, LLP, Collections, Consulting & Litigation." *Id.* The heading of the letter provides details of the debt:

Re: Mary T Janetos

Asset Acceptance, LLC Assignee of CHASE BANK/HERITAGE CHASE/CHASE

Original Creditor Acct # : XXXXXXXXXXXX7143

Fulton, Friedman & Gullace, LLP Acct # : 11–215740

Balance Due: $4608.90

*Id.* The body of the letter begins, "Please be advised that the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP." *Id.* The letter then explains that it is an attempt to collect a debt, that all contact should be directed to FF & G, and that if Janetos "has already entered into a payment plan or settlement arrangement with Asset Acceptance, LLC, please note that we are committed to honoring the same." *Id.* The letter is signed by Dave Smith, "Collections Team (Non–Attorney)." *Id.*

**Erik King**

In May 2008, Asset Acceptance sued King in state court to collect an alleged $13,107 car loan debt. Asset Acceptance was represented by an in-house attorney, not FF & G. In August 2008, the state court entered a default judgment against King. Post-judgment collection proceedings followed.

At some point, Asset Acceptance referred the matter to FF & G for additional collection efforts apart from the post-judgment collection proceedings in the state court case. On December 12, 2011, FF & G sent a letter to King. The body of the letter is the same as the Janetos letter. The heading states:

*3 Re: Asset Acceptance, LLC Assignee of AMERISTAR

Original Creditor Acct # : XX0682

Fulton, Friedman & Gullace, LLP Acct # : XX–XX2109

Balance Due: $17479.23

R. 13, Am. Compl., Ex. D.

**Pamela Fujioka**

Fujioka is in the same position as King. In November 2009, through in-house counsel, Asset Acceptance sued Fujioka in state court to collect an alleged $5,887 credit card debt. In January 2010, the state court entered a default judgment against Fujioka. Post-judgment collection proceedings followed.

On December 12, 2011, FF & G sent a letter to Fujioka. The body of the letter is the same as the Janetos and King letters. The heading states:

Re: Asset Acceptance, LLC Assignee of CAPITAL ONE BANK, NA

Original Creditor Acct # : XXXXXXXXXXXX3984

Fulton, Friedman & Gullace, LLP Acct # : XX–XX3986

Balance Due: $7187.26

R. 59–1, Second Am. Compl., Ex. G.

**Ignacio Bernave**
In April 2009, through in-house counsel, Asset Acceptance sued Bernave in state court to collect an alleged $4,199 credit card debt. Bernave was represented by his current counsel, Daniel Edelman. In July 2009, on the day of trial, Asset Acceptance dismissed the lawsuit without prejudice.

On December 12, 2011, FF & G sent a letter to Bernave's counsel. The body of the letter is the same as the Janetos, King, and Fujioka letters. The heading states:

Re: Ignacio Bernave

Asset Acceptance, LLC Assignee of HARLEM FURNITURE/WORLD FINANCIAL NETWORK NATIONAL BANK

Original Creditor Acct # : XXXXXXXXXXXX4431

Fulton, Friedman & Gullace, LLP Acct # : 11–214803

Balance Due: $5177.79

R. 59, Second Am. Compl., Ex. K.

Analysis

**I. 15 U.S.C. § 1692g**
In their First Amended Complaint, Plaintiffs allege that FF & G's December 12, 2011 letters violate 15 U.S.C. § 1692g(a)(2). Section 1692g addresses "[v]alidation of debts" and provides that:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

**(2) the name of the creditor to whom the debt is owed;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*4 15 U.S.C. § 1692g (emphasis added).

Plaintiffs allege that it is unclear from FF & G's December 12, 2011 letters whether FF & G purchased the purported debts from Asset Acceptance or is merely attempting to collect the debts as an agent of Asset Acceptance or some other entity. Plaintiffs therefore allege that the

letters fail to clearly identify the current creditor that actually owns the debts in violation of § 1692g(a)(2).

**A. Applicability of Section 1692g**

As an initial matter, the parties dispute whether § 1692g applies to FF & G's letters. By its terms, § 1692g applies to initial communications. For each Plaintiff here, Asset Acceptance itself began collection efforts on the purported debts several years before FF & G sent the letters at issue. Thus, although Plaintiffs allege that the December 12, 2011 letters were the "initial communications" from FF & G, Am. Compl. ¶¶ 25, 32, they do not, and presumably cannot, allege that FF & G's letters were the "initial communications" with respect to these purported debts.

Courts are split on whether § 1692g applies to initial communications from each successive debt collector. Some courts have reasoned that § 1692g refers in the singular to "the initial communication," and that as a result, successive debt collectors are not required to send another validation notice. *See, e.g., Paris v. Steinberg & Steinberg,* 828 F.Supp.2d 1212, 1222 (W.D.Wash.2011); *Waters v. J.C. Christensen & Assoc.,* No. 08–11795, 2011 WL 134452, *10 –11 (D.Mass. Mar. 4, 2011); *Marshall v. Deutsche Bank Nat'l Trust Co.,* No. 10 CV 754, 2011 WL 345988, at *5 (E.D.Ark. Feb. 1, 2011); *McNall v. Credit Bureau of Josephine Cnty.,* 689 F.Supp.2d 1265, 1269 (D.Or.2010); *Senftle v. Landau,* 390 F.Supp.2d 463, 473 (D.Md.2005); *Ditty v. CheckRite, Ltd.,* 973 F.Supp. 1320, 1329 (D.Utah 1997). Two courts in this District have endorsed the view that § 1692g does not apply to an attorney attempting to collect a debt where a debt collection agency already had substantial contact with the debtor. *See Weinstein v. Fink,* No. 99 C 7222, 2001 WL 185194, at *7 (N.D.Ill. Feb.26, 2001) (Guzman, J.); *Thomas v. Law Firm of Simpson & Cybak,* No. 00 C 8211, 2001 WL 1516746, at *3–4 (N.D.Ill. Nov.28, 2001) (Coar, J.), *rev'd on other grounds,* 392 F.3d 914 (7th Cir.2004).

Other courts have found that § 1692g's language is ambiguous and then broadly construed the statutory language in order to advance the FDCPA's goals. These courts concluded that § 1692g applies to the initial communications from each successive debt collector. *See, e.g., Stair v. Thomas & Cook,* 254 F.R.D. 191, 195–97 (D.N.J.2008); *Turner v. Shenandoah Legal Group, P.C.,* No. 06 CV 45, 2006 U.S. Dist. LEXIS 39341, at *29–40, 2006 WL 1685698 (E.D. Va. June 12, 2006); *Sutton v. Law Offices of Alexander Lawrence,* No. 90–369, 1992 U.S. Dist. LEXIS 22761, at *7–9 (D. Del. June 17, 1992); *Griswold v. J & R Anderson Bus. Servs., Inc.,* No. 82–1474, 1983 U.S. Dist. LEXIS 20365, at *2–4 (D.Or. Oct. 24, 1983). At least one court in this District has adopted this broader reading of § 1692g. *See Francis v. Snyder,* 389 F.Supp.2d 1034, 1040 n. 2 (N.D.Ill.2005) (Grady, J.) ("The requirement of providing valid disclosures under § 1692g applies to each debt collector.").

*5 This Court has reviewed the statute and relevant case law and agrees with the latter approach. Although the Court of course must begin with the plain language of the statute, § 1692g itself is ambiguous. It refers in the singular to "the initial communication with a consumer in connection with the collection of any debt," but the very next clause refers to "a debt collector." As a result, § 1692g is not clear on its face whether "the initial communication" requirements apply once to each debt or once to each debt collector who attempts to collect a debt. Section 1692g's plain language does not support one reading over the other.[3]

In the absence of a clear statutory directive, "[b]ecause the FDCPA is a remedial statute, [courts have] construe[d] its language broadly, so as to effect its purpose." *Stair,* 254 F.R.D. at 196 (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir.2006)). *See also Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1171 (9th Cir.2006) ("[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk."); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996) ("As the Supreme Court has held in the general context of consumer protection—of which the [FDCPA] is a part—'it does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.' ") (quoting *FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965)).

Given the FDCPA's purpose of curbing abusive debt collection practices, the Court declines to read a loophole into § 1692g that would exempt successive debt collectors from sending a validation notice. Plaintiffs provide a laundry list of reasons why each successive debt collector should be required to comply with § 1692g. R. 67 at 11–15. But the Court does not need to look any further than Plaintiff Janetos' case, which readily illustrates that § 1692g is not superfluous when a new debt collector enters the picture. In her case, while Asset Acceptance was initially attempting to collect the purported debt, Janetos prevailed at trial and obtained a judgment extinguishing the debt. Nonetheless, for one reason or another, Asset Acceptance

sent her account to FF & G for further collection efforts. The Court assumes that this was some sort of mistake, but since mistakes (or worse) certainly happen, it is important that successive debt collectors send a § 1692g validation notice before commencing full-scale collection efforts. The validation notice helps to ensure that any mistakes like this are promptly resolved.

Moreover, it is not a heavy burden for each debt collector to comply with § 1692g's validation requirements. FF & G's letters were already an attempt to send a validation notice pursuant to § 1692g—they contain the precise language required by § 1692g(3)-(5)—which is at least a tacit acknowledgment that FF & G knew it was required to send a validation notice. Indeed, in light of the split authority on whether § 1692g applies, a successive debt collector would be foolish to ignore § 1692g and run the risk that a court might later find FDCPA violations. The Federal Trade Commission has also long commented that successive debt collectors in FF & G's position should comply with § 1692g. *See, e.g.,* 53 Fed.Reg. 50097, 50108 (Dec. 13, 1988) (explaining that "an attorney who regularly attempts to collect debts by means other than litigation ... must provide the required notice, even if a previous debt collector (or creditor) has given such notice").

*6 In short, the Court finds that § 1692g applies to the initial communication in connection with the collection of a debt by each successive debt collector. This result comports with both the text of § 1692g and the FDCPA's overarching purpose. The Court now turns to whether Plaintiffs state a plausible claim that FF & G's December 12, 2011 letters actually violate § 1692g.

**B. King and Fujioka—"Unsophisticated Consumer" Standard**
FF & G sent two of the letters at issue directly to consumers, Plaintiffs King and Fujioka. A debt collector violates § 1692g if it either fails to provide required information or provides required information "in a manner that is 'confusing' to the consumer." *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir.2006). The Court analyzes collection letters under an objective "unsophisticated consumer" standard. *See, e.g., Durkin v. Equifax Check Servs.,* 406 F.3d 410, 414–15 (7th Cir.2005). This "hypothetical" unsophisticated consumer "is not as learned in commercial matters as are federal judges, but neither is he completely ignorant." *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir.2000). The unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Id.* (citations omitted). Under this objective standard, a plaintiff's "anecdotal proclamations of being confused will not suffice." *Durkin.* 406 F.3d at 414–15. A collection letter is not confusing "unless a significant fraction of the population would be similarly misled." *Pettit,* 211 F.3d at 1060.

Surprisingly, none of the parties here discuss the rule in the Seventh Circuit that the unsophisticated consumer standard is generally a fact issue that cannot be decided at the pleading stage. As Judge Easterbrook explained in *Walker v. National Recovery, Inc.,* 200 F.3d 500, 501 (7th Cir.1999):

> How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys. We held accordingly in *Johnson v. Revenue Management Corp.,* 169 F.3d 1057 (7th Cir.1999), that a complaint alleging that a particular notice confuses recipients may not be dismissed under Fed.R.Civ.P. 12(b)(6)—not only because 'this notice is confusing' states a claim on which relief may be granted, but also because district judges are not good proxies for the 'unsophisticated consumers' whose interests the statute protects.

*See also Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 575 (7th Cir.2004) ("A judge might be mistaken in supposing that a letter that was clear to him was clear to unsophisticated debtors ... and so it is open to a plaintiff, in any but the clearest case, to present objective evidence of confusion, for example the results of a consumer survey."); *Marshall–Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326–27 (7th Cir.2000) (explaining that "confusion is a question of fact rather than a question of law, so plaintiffs are entitled to present empirical evidence that might show the dunning letter in question to be confusing in the eyes of the unsophisticated consumer," and that "a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) [,] simply by alleging that a dunning letter was confusing").

*7 This general rule does not mean that the unsophisticated consumer test can *never* be resolved at the pleading stage. A letter might be so clear that a plaintiff has no plausible § 1692g claim. *See, e.g., Ruth v. Triumph P'ships,* 577 F.3d 790, 800 (7th Cir.2009) (recognizing a category of cases "involving statements that plainly, on their face, are not misleading or deceptive"). "[A] plaintiff fails to state a claim and dismissal is appropriate as a matter of law

when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.' " *Zemeckis v. Global Credit & Collection Corp.,* 679 F.3d 632, 636 (7th Cir.2012) (quoting *Taylor,* 365 F.3d at 574). Thus, "as a matter of law, [courts will] not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan,* 455 F.3d at 758. *See also Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 776–77 (7th Cir.2007) (explaining that a claim also may be resolved on the pleadings if the plaintiff rests on the letters themselves and does not intend to offer extrinsic evidence, the defendant used clear statutory language, or the statement at issue clearly was immaterial, among other things).

This case presents a very close call at the pleading stage. Plaintiffs allege that FF & G's letters violate § 1692g by failing to clearly identify which entity is the current creditor that actually owns the purported debts, FF & G or Asset Acceptance. Plaintiffs allege that although Asset Acceptance still owns the debts and was only using FF & G as its agent for further collection efforts, the letters could lead a consumer to believe that the debts may have been sold to FF & G.

The Court is skeptical that FF & G's letters would confuse an unsophisticated consumer, let alone in any material way. The very first line of the header states, in King's case, "Re: Asset Acceptance, LLC Assignee of AMERISTAR," and in Fujioka's case, "Re: Asset Acceptance, LLC Assignee of CAPITAL ONE BANK, NA." Those references appear to identify Asset Acceptance as the current creditor and owner of the debt. Moreover, although Plaintiffs take issue with FF & G's subsequent statement in the letter that the account "has been transferred" from Asset Acceptance to FF & G, the FDCPA's definition of "creditor" uses the word "transfer" in the same way that FF & G apparently intended it. *See* 15 U.S.C. § 803(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owned, but such term *does not include* any person to the extent he receives an assignment *or transfer* of a debt in default solely for the purpose of facilitating collection of such debt from another.") (emphasis added). The Court is also uncertain whether it would make any difference to the unsophisticated consumer's decision process if FF & G had actually purchased the debts from Asset Acceptance as opposed to merely acting as Asset Acceptance's collection agent. That appears to be an internal issue largely between Asset Acceptance and FF & G.

*8 Nonetheless, because the unsophisticated consumer standard generally presents a fact issue, the Court believes that Plaintiffs have shown just enough potential for confusion in order to move past the pleadings and have the opportunity to develop evidence to support their claims. FF & G's letters do not expressly identify which entity currently owns the purported debts—the headers contain various information, including references to both Asset Acceptance and FF & G, but do not actually label either entity as the owner of the purported debts. Moreover, although the FDCPA's definition of "creditor" may shed some light on what the word "transfer" means in the body of the letter, an unsophisticated consumer would not ordinarily think to consult statutory definitions for guidance.[4]

FF & G and Asset Acceptance also argue that the letters should be clear to anyone with knowledge of the collection history of these accounts. But even if the recipients of these letters were familiar with Asset Acceptance's prior collection efforts, that would not resolve the alleged confusion in this case over whether Asset Acceptance had just sold their debts to a new entity, FF & G.

As a result, Plaintiff King states a plausible claim for relief in the Amended Complaint, and Plaintiff Fujioka's claim in the proposed Second Amended and Consolidated Complaint is not futile, at least at this stage.

**C. Janetos and Bernave—"Competent Attorney" Standard**
FF & G sent the other two letters at issue to counsel for Plaintiffs Janetos and Bernave. As a result, the Court analyzes these letters under the more rigorous "competent attorney" standard. *See, e.g., Evory,* 505 F.3d at 774–75 (explaining that the unsophisticated consumer test "is inappropriate for judging communications with lawyers"). This heightened standard applies because "[a] sophisticated person is less likely to be either deceived or misled than an unsophisticated one." *Id.* Thus, under the competent attorney standard, "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." *Id.*

For the same reasons discussed above, the Court is even more skeptical that FF & G's letters would confuse a competent lawyer, let alone in any material way. Moreover, although the case law on the competent attorney standard is far less developed, it appears that this issue would be more susceptible to resolution on the pleadings. Judge Easterbrook's concern that judges

may not be good proxies for unsophisticated consumers does not apply in this context; the Court can more easily judge what might confuse or mislead a competent attorney.

Nonetheless, the Court again declines to resolve this issue on the pleadings. As discussed above, Plaintiffs have shown just enough potential for confusion stemming from the letters. Although a competent lawyer would be familiar with Asset Acceptance's prior collection efforts and would likely recognize from the letterhead that FF & G is a law firm, the lawyer still would not necessarily know whether Asset Acceptance had just sold his client's purported debts to FF & G or if FF & G was merely acting as Asset Acceptance's collection agent.

*9 As a result, Plaintiff Janetos states a plausible claim for relief in the Amended Complaint, and Plaintiff Bernave's claim in the proposed Second Amended and Consolidated Complaint is not futile, at least at this stage.

II. 15 U.S.C. § 1692e
In their proposed Second Amended and Consolidated Complaint, Plaintiffs allege that FF & G's letters also violate the more general requirements of 15 U.S.C. § 1692e and e(10), which provide that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Asset Acceptance and FF & G argue that Plaintiffs' motion for leave should be denied because their § 1692e claim is futile. Although the Court is skeptical of this claim as well, just as Plaintiffs state a plausible claim that FF & G's letters are confusing to an unsophisticated consumer or competent attorney, Plaintiffs also state a plausible claim that FF & G's letters are deceptive or misleading. As a result, the Court cannot say at this stage that the claim is futile.

## Conclusion

For the foregoing reasons, Defendants' Joint Motion for Judgment on the Pleadings is denied and Plaintiffs' Motion for Leave to File Second Amended and Consolidated Complaint is granted. In granting Plaintiffs' Motion for Leave, the Court strikes Count IV in Plaintiffs' proposed Second Amended and Consolidated Complaint, which asserts a claim under 15 U.S.C. § 1692c(a)(2) that Plaintiffs have represented they do not intend to pursue. R. 68 at 2 n. 2.

### Footnotes

| | |
|---|---|
| 1 | There is no dispute that Asset Acceptance and FF & G are each "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6). |
| 2 | Janetos has already settled her individual claims against Asset Acceptance and FF & G for continuing to attempt collection on a debt that the state court judgment extinguished. The only claims remaining before the Court relate to whether FF & G's letter otherwise complied with the FDCPA. |
| 3 | Some courts have reasoned that 15 U.S.C. § 1692e(11) (distinguishing between initial and subsequent communications to a debtor) shows that Congress knew the difference between initial and successive debt collectors and could have explicitly required that both provide the § 1692g validation notice if that was its intent. *See, e.g., Waters*, 2011 WL 134452, at *11. But that reasoning cuts both ways. If Congress knew the difference and intended that § 1692g apply only to the first debt collector, it could have explicitly said that § 1692g applies only to the first debt collector. As discussed above, it did not. Again, § 1692e(11)'s language does not support one reading of § 1692g over the other. |
| 4 | Indeed, although the parties have offered various dictionary definitions of the word "transfer," none of the parties raise 15 U.S.C. § 803(4) in their briefs. |

End of Document    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2014 Thomson Reuters | Privacy Statement | Accessibility | Contact Us | 1-800-REF-ATTY (1-800-733-2889) | Improve WestlawNext

 THOMSON REUTERS